IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LESLIE PAUL HOWARTH,  :
       Plaintiff  :
   v.  : Civil Action No. 05-28J
CONCURRENT TECHNOLOGIES CORP.,  :
       Defendant  :

Report and Recommendation

Orders and Recommendation

      Plaintiff filed a pro se complaint, citing 42 U.S.C.§ 1983, 42 U.S.C.§ 1985, and the Americans with Disabilities Act, 42 U.S.C.§ 12101, et seq., against defendant, which operates a facility at 211 Industrial Park Road in Richland Township, Cambria County. Pending are defendant's motion to dismiss, docket no. 7, plaintiff's motion for default judgment, docket no. 10, and plaintiff's motions for leave to proceed in forma pauperis, docket no. 15, docket no. 16.

      Plaintiff's motions for leave to proceed in forma pauperis, docket no. 15 and docket no. 16, are granted, but the specific request for Marshal's service of the complaint is denied as moot because service of the complaint has been accepted and a response filed. Plaintiff's motion for default judgment, docket no. 10, is denied. The defendant's motion to dismiss, docket no. 7, should be granted.

Report

      The plaintiff's complaint alleges that he is disabled and uses a wheelchair or crutches. Defendant CTC is plaintiff's former employer, and plaintiff has a Title I ADA complaint pending in which he alleges he was fired for criticizing CTC's failure to comply with regulations implementing the ADA. See Howarth v. Concurrent

Technologies Corp., C.A. No. 05-002J.  Plaintiff alleges in this complaint that on January 10, 2005, he went to a building occupied by CTC at 211 Industrial Park Road to lend a book to a friend employed at CTC.  When plaintiff arrived, he alleges that even though he explained that he was there by invitation, he was denied entry, treated rudely, and threatened with having the police called if he did not leave.  Plaintiff alleges that this was retaliatory and discriminatory.

Before addressing the motion to dismiss, plaintiff's motion for default judgment, docket no. 10, should be mentioned.  Plaintiff did not serve the complaint properly or file a proper return of service, see docket no. 9 (unsigned return of service reflecting service by mail on a corporation in Pennsylvania), and defendant filed a timely motion to dismiss.  The motion for default judgment is therefore meritless.

Quite obviously, the complaint leaves much out.  As a Title III claim, plaintiff's complaint fails to state a claim because there is no allegation or reasonable inference from the allegations that defendant's facility is a public accommodation, nor is there any allegation that plaintiff is facing "a real and immediate threat that a particular (illegal) barrier will cause future harm."  Disabled Americans For Equal Access, Inc. v. Ferries Del Caribe, Inc., 405 F.3d 60, 64 (1st Cir.2005), quoting Dudley v. Hannaford Bros. Co., 333 F.3d 299, 305 (1st Cir.2003).  Having a security guard deny entrance on one occasion to a non-employee, despite an invitation on one occasion, even assuming that it could

be attributed to discrimination on the basis of disability, does not permit an inference that future harm will occur. Plaintiff has no standing to request the equitable remedies provided by Title III.

Plaintiff has not responded to the motion to dismiss and it is not clear whether plaintiff even intended to state claims under Section 1983 and Section 1985 of Title 42 in addition to the ADA, but if he did intend to state claims under those sections, defendant's motion to dismiss those claims should be granted. The Supreme Court has made it clear that where a federal statute provides its own comprehensive enforcement scheme, Congress intended to foreclose a right of action under Section 1983. See Middlesex County Sewerage Authority v. National Sea Clammers Ass'n, 453 U.S. 1, 20-21 (1981). Since the ADA, see 42 U.S.C.§ 12188(a)(1), limits the remedies available to private individuals to those set forth in the Civil Rights Act of 1964, 42 U.S.C.§ 2000a-3(a), namely permanent or temporary injunctions and restraining orders, it would contravene the statute's plain intent to permit a Section 1983 claim. As for a claim under Section 1985, plaintiff does not allege any conspiracy to deprive him of his civil rights.

Finally, defendant moves to dismiss any Title I claim. Plaintiff does not argue that he has alleged a Title I claim in this complaint. It is not clear how plaintiff could argue that the actions described in the complaint were employment discrimination, since his complaint alleges that he was not an employee of CTC at the time of the events. Plaintiff has not alleged a Title I claim in this complaint, but if there is some evidentiary significance to

the events alleged in this complaint to the Title I action pending at <u>Howarth v. Concurrent Technologies Corp.</u>, C.A. No. 05-002J, plaintiff can present them in that matter as may be proper.

Pursuant to 28 U.S.C.§ 636(b)(1), the parties are given notice that they have ten days to serve and file written objections to this Report and Recommendation.

DATE: 25 July 2005

Keith A. Pesto,
United States Magistrate Judge

cc:
Leslie Paul Howarth, Ph.D.
211 Bentwood Avenue
Johnstown, PA 15904-1333

Gregory A. Miller, Esquire
Jaime S. Tuite, Esquire
One Oxford Center, 20th Floor
301 Grant Street
Pittsburgh, PA 15219